UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| AMIRIO ROSALES, | Civil Action No. 23-357 (KMW) |
| Petitioner, | |
| v. | MEMORANDUM ORDER |
| STEVIE M. KNIGHT, | |
| Respondent. | |

This matter comes before the Court on Petitioner Amirio Rosales's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241.  (ECF No. 1.)  Following an order to answer, the Government filed a response to the petition (ECF No. 4). By way of background, Petitioner is a federal prisoner confined at FCI Fort Dix who is subject to an immigration detainer.  (*See* ECF No. 1.)  Through his petition, Petitioner sought to be declared eligible to accrue good time credits pursuant to the First Step Act and to ultimately receive those credits towards the completion of his sentence and release on supervised release.  (*Id*.)

In its response to Petitioner's habeas petition, the Government informs the Court that, following a BOP rule change, Petitioner was made eligible to receive FSA credits and was awarded 365 days of FSA credit towards his release, the maximum number of credits available under the statute.  (*See* ECF No. 4 at 1-2; ECF No. 4-1 at 8.)  Petitioner's prison records, submitted with the Government's response, indicate that Petitioner did indeed receive the FSA credits he sought.  (ECF No. 4-1 at 8.)  The Government therefore requests that this matter be dismissed as moot as Petitioner received the benefit he sought and no longer has a live interest in this matter.  (ECF No. 6 at 1-3.)

1

Under Article III of the Constitution, federal courts will only have jurisdiction over a matter where there is a live case or controversy to be resolved. *See, e.g., Spencer v. Kemna*, 523 U.S. 1, 7 (1998). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings [and for jurisdiction to exist the] parties must continue to have a 'personal stake in the outcome of the lawsuit.'" *Id.* (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990)). Thus, once a prisoner is released from custody, a habeas challenge to some aspect of his confinement will become moot absent a redressable, continuing, and concrete injury which persists after his release. *Id.*; *see also Burkey v. Marberry*, 556 F.3d 142, 146-50 (3d Cir. 2009). Because the BOP changed its policy to permit those such as Petitioner to accrue credits, because Petitioner has been permitted to accrue the credits, and because Petitioner has been awarded the maximum number of credits available to him under the First Step Act, Petitioner has received the ultimate relief he sought in this matter and this Court no longer has a meaningful opportunity to provide Petitioner with relief. As Petitioner therefore no longer has a continuing concrete injury that may be addressed through the claims raised in his habeas petition, this matter must therefore be dismissed as moot. *Spencer*, 523 U.S. at 7; *Burkey*, 556 F.3d at 146-50.

**IT IS THEREFORE** on this 28th day of March, 2023,

**ORDERED** that Petitioner's habeas petition (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** as moot; and it is finally

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon the Government electronically and upon Petitioner by regular mail at his last known address, and shall **CLOSE** the file.

*Karen M. Williams*
Hon. Karen M. Williams,
United States District Judge